UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

——————————————————X

DAVID CORNELIO,

                Plaintiff,

    -against-

COVENANT TRANSPORTATION, INC.
and JOHN P. MARCUM,

                Defendants.

——————————————————X

**CIVIL ACTION NUMBER:**
**3:02CV2279** ~~(GLG)~~ (JCH)

**JOINT PRE-TRIAL**
**MEMORANDUM**

**MARCH 4, 2005**

## JOINT PRE-TRIAL MEMORANDUM

1.   <u>Trial Counsel</u>:
2.

        Plaintiff:      Bruce J. Corrigan, Jr.
                        1853 Post Road East,
                        Westport, CT 06880
                        (203) 255-1950   Fax: (203) 255-1520

        Defendant:   Michael W. Coffey
                        Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
                        One Stamford Plaza
                        263 Tresser Boulevard,
                        Stamford, CT  06901
                        (203) 564-1900  Fax: (203) 564-1742

2.   <u>Jurisdiction</u>:     Pursuant to 28 U.S.C. Sec. 1332, defendant's sought

removal of

                        the action from the Connecticut Superior Court, Judicial

                        District of Ansonia/Milford and requested that the action be

                        removed to District Court, pursuant to 28 U.S.C. Sec. 1441.

3.    <u>Non-Jury</u>:         Case is to be tried to the Court.

4.    <u>Length of Trial</u>:    Plaintiff's Presentation:       2-3 days

                        Defendant's Presentation:       1-2 days

5.    <u>Further Proceedings</u>:    N/A

6.    <u>Nature of Case</u>:

On September 27, 2001 I-95 Bridgeport, CT at approximately 10:50 a.m., the defendant John P. Marcum, while operating a tractor trailer truck owned by defendant Covenant Transport, Inc. in the third lane of I-95, entered the center lane of said I-95 with the result that the defendant's motor vehicle struck the motor vehicle operated by plaintiff causing the plaintiff to suffer personal injuries.

**Plaintiff's First Cause of Action**:

Plaintiff asserts that defendant John P. Marcum was negligent in the operation of his motor vehicle as follows:

a.    Failed to keep and operate his motor vehicle under control and failed to maintain a proper and adequate lookout for other vehicles;

b.    Operated his motor vehicle at an unreasonable rate of speed for the conditions then and there existing, in violation of Conn. Gen. Stat. Sec. 14-218(a), and

such violation was a substantial factor in causing the
injuries sustained by the plaintiff;

c.     Failed to properly apply his brakes in a timely fashion
in order to avoid striking plaintiff's motor vehicle;

d.     Failed to turn his motor vehicle in time to avoid
striking plaintiff's motor vehicle;

e.     Operated his motor vehicle in a negligent manner in
violation of Conn. Gen. Stat. Sec. 14-236 (unsafe
lane change), and such violation was a substantial
factor in causing the injuries sustained by the plaintiff;
and

f.     Operated his motor vehicle in a negligent manner in
violation of Conn. Gen. Stat. Sec. 14-230 (a) (use of
left lane by commercial vehicle), and such violation
was a substantial factor in causing the injuries
sustained by the plaintiff.

**Plaintiff's Second Cause of Action:**

Plaintiff asserts that defendant, Covenant Transportation,
Inc. was the employer or principal of defendant, John P.
Marcum, and that the negligence and carelessness of
defendant John P. Marcum may be imputed to the
defendant, Covenant Transport, Inc. pursuant to CGS Sec.
52-183.

869785.1

(b)    Plaintiff claims monetary damages.

(c)    Defenses:

Defendants assert that there is an issue of fact as to the causation, degree and percentage of the liability of the Defendant.  Defendants also assert that plaintiff's physical therapy and chiropractic care were duplicative and not warranted and were rendered beyond such time as necessary.

(d)    **Joint Statement of the Case**:

On September 27, 2001, plaintiff David Cornelio, allegedly sustained injuries from a motor vehicle accident that occurred on I-95 in Bridgeport.   The Plaintiff alleges that defendant, John Marcum, made an unsafe lane change from the third lane into the center lane and collided with plaintiff's car, thus causing plaintiff to lose control and veer into the "Jersey" barrier.  Defendant Marcum was employed by defendant Covenant Transportation, Inc.  Defendants contest plaintiff's allegations of negligence and believe that the plaintiff was responsible for this accident.

7.    Trial By Magistrate Judge: Plaintiff consents to a trial by a Magistrate Judge.

Defendant does not consent to a trial by a Magistrate Judge.

8.    <u>Witnesses Plaintiff will Definitely Call</u>:

:        (a)    David Cornelio
21 Chapel Street
Milford, Connecticut

Plaintiff will testify as to the facts concerning the motor vehicle collision and resulting injuries and damages.

(b)    Dr. Gerard Abidor
435 New Haven Avenue
Derby, CT 06418

Dr. Abidor provided treatment to plaintiff and will testify that as a result of the motor vehicle accident of September 27, 2001, plaintiff suffered serious physical injury resulting in a 5% whole person impairment as a result of the residual cervical spine injury which equates to a 14% permanent partial region impairment of the cervical spine and 5% whole person impairment as a result of a residual thoraco-lumbar sprain which equates to a 7% regional impairment of the lumbar spine.

(c)     Joyce Baker, Enfield, Connecticut

Former CFO, Vitam Center, Norwalk, CT.  Ms. Baker

worked with plaintiff for approximately 8 years and will

testify as to plaintiff's condition prior to and

subsequent to the motor vehicle accident of

September 27, 2001.

(d)     Dr. Sandy Easton, Colchester, Connecticut

Director of Treatment Services at Mount Saint John,

Deep River, CT and direct supervisor of plaintiff.  Dr.

Easton will testify as to her observations of the

neck/back pain evidenced by plaintiff during work.

(d)     Jeff Barber, Winsted, Connecticut

Life-long friend of plaintiff.  Will testify as to his

observations of plaintiff and plaintiff's inability to walk

long distances, ride his motorcycle or work on

restoring classic automobiles.

(f)     Judy Davidson

Former girl friend of plaintiff.  Ms. Davidson will testify

as to her observations of plaintiff, effect of injuries on

plaintiff's activities, withdrawal from sexual intimacy

due to pain, etc.

(g)    State Trooper David Nichols (ID 1273)

Trooper David Nichols was the investigating Police

Officer and will testify as to his observations at the

scene of the subject motor vehicle accident,

admissions of defendant at the scene and his opinion

as to the cause of the motor vehicle accident.

Witnesses Plaintiff Might Call:

(a)    Dr. Richard Fogel
       150 East Avenue
       Norwalk, Connecticut

Dr. Fogel provided treatment to plaintiff and will testify

that as a result of the motor vehicle accident of

September 27, 2001, plaintiff suffered an 8%

permanent partial impairment to the cervical spine

and an 8% permanent partial impairment to the

lumbar spine.

(b)    Peter Martin, Groton, Connecticut

Assistant Director of Administration at Mount Saint

John. A co-worker of plaintiff, Mr. Martin will testify as

to his observations of plaintiff's condition.

Witnesses Defendant Will Definitely Call:

(a)    John Marcum
       491 Old Stage 37381
       Spring City, TN  06908

869785.1

Mr. Marcum will testify as to the facts concerning the

motor vehicle collision and resulting damages.

(b)   Dr. W. Tracy Schmidt
      90 Morgan Street, Suite 208
      Stamford, CT  06908

Dr. Schmidt conducted an independent medical

examination of the plaintiff and will testify that the

plaintiff had pre-existing degenerative changes to the

cervical spine which were aggravated by the accident

of September 27, 2001, resulting in a 5% physical

impairment of the cervical spine and 5% impairment

of the lumbar spine.


## Witnesses Defendant Might Call:

(a)   Dr. Richard Fogel
      150 East Avenue
      Norwalk, Connecticut

Dr. Fogel, the plaintiff's own treating physician,

provided treatment to plaintiff and will testify that as a

result of the motor vehicle accident of September 27,

2001, plaintiff suffered an 8% permanent partial

impairment to the cervical spine and an 8%

permanent partial impairment to the lumbar spine.

9.    Deposition Testimony:    Neither plaintiff nor defendant anticipates any
witnesses to

testify by deposition at trial.

10.    Interrogatories/
Request to Admit:    N/A

11.    Exhibits:

As to Plaintiff:

1.    Police Accident Report G01-494419

2.    Photographs of damage to plaintiff's motor vehicle.

3.    Medical Records and billing statements ($563.09) of Bridgeport
Hospital.

4.    Medical Records and billing statements ($532) of AMR Ambulance.

5.    Medical Records and billing statements ($4,510) of Dr. Richard
Fogel.

6.    Medical Records and billing statements ($775) of Dr. Tedd
Weisman, Orthopedic Group.

7.    Medical Records and billing statements ($294.26) of Dr. N.
Spanolios, Internal Medicine of Milford.

8.    Medical Records and billing statements ($5,045) of Connecticut
Physical Therapy.

9.    Medical Records and billing statements ($6,765) of Center
Rehabilitation & Sports Therapy.

10.    Medical Records and billing statements ($1,000) of Dr. Gerard
Abidor.

11.    Medical Records and billing statements ($1,842.80) of Griffin
Hospital.

Exhibits:

    As to Defendant:

1.    Police Accident Report G01-494419.

2.    Medical Report of Dr. W. Tracy Schmidt.

12.    <u>Anticipated Evidentiary Problems</u>:

    Neither plaintiff nor defendant anticipates any evidentiary problems.

13.    <u>Motions in Limine</u>:

    Plaintiff does not anticipate the filing of any Motions in Limine. Defendant are objecting to several of the witnesses that plaintiff is looking to call for trial as to the hearsay scope and opinions of the witnesses. Defendants were first notified of several of these witnesses when we received a draft of the joint pre-trial memorandum. This will be addressed at the pre-trial conference scheduled for March 15, 2005.

14.    <u>Glossary</u>:    To Be Submitted.

15.    <u>Trial to Court:</u>

    Attached hereto are plaintiff's Proposed Findings of Fact.

THE PLAINTIFF

By _Bruce Corrigan_
Law Offices of Bruce J. Corrigan, Jr.
1853 Post Road East
Westport, Connecticut  06604
(203) 255-1950   Fax: (203) 255-1520
Federal Bar Number: CT06918


THE DEFENDANT


By _Katherine J. Hooper_
Michael W. Coffey
Katherine J. Hooper
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
263 Tresser Boulevard
One Stamford Plaza, 9th Fl.
Stamford, CT  06901
(203) 564-1900   Fax: (203) 564-1742
Federal Bar Number: CT18310
Federal Bar Number: CT25299

## CERTIFICATE OF SERVICE

The foregoing was sent first class mail, postage prepaid, on the 4th day of March,

2005 to:

Law Offices of Bruce J. Corrigan, Jr.
1853 Post Road East
Westport, CT 06880
(203) 255-1950

Clerk of the Court
United States District Court
District Court of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Hon. Janet C. Hall
United States District Court
District Court of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

_____
Katherine J. Hooper (U.S. Court No. 25299)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
————————————————————X

**DAVID CORNELIO,**

            **Plaintiff,**

**FINDINGS**
    -against-

**COVENANT TRANSPORTATION, INC.**
**and JOHN P. MARCUM,**

          **Defendants.**
————————————————————X

**CIVIL ACTION NUMBER:**
**3:02CV2279 (GLG)**

**PLAINTIFF'S PROPOSED**

**OF FACT**

**MARCH 5, 2005**

## <u>PLAINTIFF'S PROPOSED FINDINGS OF FACT</u>

    1.    On September 27, 2001 on I-95 Bridgeport, CT at approximately 10:50 a.m. defendant John P. Marcum, while operating a tractor trailer truck owned by defendant Covenant Transport, Inc. in the third lane of I-95 suddenly changed lanes, entered the center lane of said I-95 with the result that the defendant's motor vehicle struck the motor vehicle operated by the plaintiff, causing plaintiff to lose control of his motor vehicle striking the "Jersey" barrier.

    2.    Connecticut State Trooper, David Nichols, was the investigating officer concerning the subject motor vehicle accident of September 27, 2001 and testified that the defendant, John P. Marcum, admitted operating his motor vehicle in the third lane of

I-95, switched lanes into the center lane from the left lane, striking plaintiff's motor vehicle. It was the opinion of Trooper Nichols that the subject motor vehicle accident of September 27, 2001, was caused by the negligence of defendant, John P. Marcum.

3.    The defendant, John P. Marcum, was negligent in the operation of his motor vehicle in the following ways:

    a.    Failed to keep and operate his motor vehicle under control and failed to maintain a proper and adequate lookout for other vehicles;

    b.    Operated his motor vehicle at an unreasonable rate of speed for the conditions then and there existing, in violation of Conn. Gen. Stat. Sec. 14-218(a), and such violation was a substantial factor in causing the injuries sustained by the plaintiff;

    c.    Failed to properly apply his brakes in a timely fashion in order to avoid striking plaintiff's motor vehicle;

    d.    Failed to turn his motor vehicle in time to avoid striking plaintiff's motor vehicle;

    e.    Operated his motor vehicle in violation of Conn. Gen. Stat. Sec. 14-236 (unsafe lane change), and such violation was a substantial factor in causing the injuries sustained by the plaintiff; and

f.    Operated his motor vehicle in violation of Conn. Gen. Stat. Sec. 14-230 (a) (use of left lane by commercial vehicle), and such violation was a substantial factor in causing the injuries sustained by the plaintiff.

4.    Defendant, Covenant Transportation, Inc., was the employer or principal of defendant, John P. Marcum, and that the negligence and carelessness of defendant John P. Marcum may be imputed to the defendant, Covenant Transport, Inc. pursuant to CGS Sec. 52-183.

5.    As a result of the collision, plaintiff sustained personal injuries including straightening of the cervical lordosis, radiating pain from neck to shoulder and right arm, numbness into right arm, cervical and lumbar sprain/strain, headaches, back and neck pain and permanent disability of the back and neck.

6.    As a result of the injuries suffered in connection with the motor vehicle accident of September 27, 2001, the plaintiff received medical treatment with and incurred medical expenses in the amount of $21,327.15 as follows:

| a   | Bridgeport Hospital  | $563.09 |
| b.  | AMR Ambulance        | $532    |
| c.  | Dr. Richard Fogel    | $4,510  |

869814.1

| | | |
|---|---|---|
| d. | Dr. Tedd Weisman, Orthopedic Group | $775 |
| e. | Dr. N. Spanolios, Internal Medicine of Milford | $294.26 |
| f. | Connecticut Physical Therapy | $5,045 |
| g. | Center Rehabilitation & Sports Therapy | $6,765 |
| h. | Dr. Gerard Abidor | $1,000 |
| i. | Griffin Hospital | $1,842.80 |

7.     Dr. Gerard Abidor testified that as a result of the motor vehicle accident of September 27, 2001, plaintiff suffered serious physical injury resulting in a 5% whole person impairment as a result of the residual cervical spine injury which equates to a 14% permanent partial region impairment of the cervical spine and 5% whole person impairment as a result of a residual thora-columbal sprain which equates to a 7% regional impairment of the lumbar spine.

8.     It was the opinion of Dr. Richard Fogel that as a result of the motor vehicle accident of September 27, 2001, plaintiff suffered an 8% permanent partial impairment to the cervical spine and an 8% permanent partial impairment to the lumbar spine.

9.     That as a result of his injuries plaintiff's ability to perform his employment duties was compromised, plaintiff can no longer walk long distances, ride his

motorcycle, undertake car repairs and his sexual/social interaction with significant others was affected.

THE PLAINTIFF

By _____
Law Offices of Bruce J. Corrigan, Jr.
1853 Post Road East
Westport, Connecticut  06604
(203) 255-1950
(203) 255-1520 (fax)
Federal Bar Number: CT06918

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing, on the aforementioned date, has been sent, via first class mail, postage prepaid to:

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
263 Tresser Boulevard
Stamford, CT  06901

_____
Bruce J. Corrigan, Jr.

869814.1