UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X
DAVID CORNELIO,

          Plaintiff,

-against-

COVENANT TRANSPORTATION, INC.
and JOHN P. MARCUM,

          Defendants.
_____X

CIVIL ACTION NUMBER:
3:02CV2279 ~~(GLG)~~
(JCH)

AMENDED COMPLAINT

FEBRUARY 9, 2005

## AMENDED COMPLAINT

**FIRST COUNT:** (BY PLAINTIFF AGAINST DEFENDANT, JOHN P. MARCUM)

1. Plaintiff, DAVID CORNELIO, was at all times herein mentioned a resident of the City of Milford, County of New Haven and State of Connecticut.

2. Defendant, JOHN P. MARCUM, was at all times herein mentioned a resident of the City of Spring City, Tennessee.

3. Defendant, COVENANT TRANSPORT, INC., upon information and belief, was at all times herein mentioned a foreign corporation with its primary place of business located in Oklahoma City, Oklahoma.

4. On September 27, 2001, at approximately 10:50 a.m., the plaintiff was operating his motor vehicle in a westerly direction on I-95, in the City of Bridgeport, County of Fairfield and State of Connecticut.

5. At said time and place, the defendant, JOHN P. MARCUM, was operating a motor vehicle owned by the defendant, COVENANT TRANSPORT, INC., in a westerly direction on I-95, in the City of Bridgeport, Connecticut.

6. At said time and place the defendant, JOHN P. MARCUM, abruptly changed lanes and entered the third lane of said I-95 with the result that the defendant's motor vehicle, struck the motor vehicle operated by plaintiff, causing the plaintiff to suffer the painful and permanent injuries as hereinafter set forth.

7. Said accident and the injuries sustained by the plaintiff were the proximate result of the negligence and carelessness of the defendant, JOHN P. MARCUM, in one or more of the following ways, in that he:

    a. Failed to keep and operate his motor vehicle under control and failed to maintain a proper and adequate lookout for other vehicles;

    b. Operated his motor vehicle at an unreasonable rate of speed for the conditions then and there existing, in violation of Conn. Gen.

           Stat. Sec. 14-218(a), and such violation was a substantial factor in causing the injuries sustained by the plaintiff;

c. Failed to properly apply his brakes in a timely fashion in order to avoid striking plaintiff's motor vehicle;

d. Failed to turn his motor vehicle in time to avoid striking plaintiff's motor vehicle;

e. Failed to sound his horn, or give a timely warning whatsoever, of the impending collision; and

f. Operated his motor vehicle in a negligent manner in violation of Conn. Gen. Stat. Sec. 14-236 (unsafe lane change), and such violation was a substantial factor in causing the injuries sustained by the plaintiff; and

g. Operated his motor vehicle in a negligent manner in violation of Conn. Gen. Stat. Sec. 14-230 (a) (use of left lane by commercial vehicle), and such violation was a substantial factor in causing the injuries sustained by the plaintiff.

8. As a result of the aforementioned negligence and carelessness of the defendant, JOHN P. MARCUM, plaintiff, DAVID CORNELIO, suffered the following severe, painful and possibly permanent injuries:

   a. straightening of the cervical lordosis;

   b. cervical sprain/strain;

   c. lumbar sprain/strain;

   d. headaches;

   e. back and neck pain;

   f. radiating pain from neck to shoulder/right arm;

   g. numbness into right arm;

   h. shock to the nervous system; and

   i. permanent disability of the back and neck.

9. As a direct and proximate result of the negligence and carelessness of the defendant, JOHN P. MARCUM, as aforesaid, the plaintiff, DAVID CORNELIO, was forced to undergo medical treatment, including chiropractic treatment, and physical therapy, and will likely be forced to undergo more of such treatment and therapy in the future.

10. As an additional result of the negligence and carelessness of the defendant, JOHN P. MARCUM, as aforesaid, the plaintiff, DAVID CORNELIO, has expended monies for medical treatment, including chiropractic treatment, and will likely be obliged in the future to expend further sums of money for such purposes.

11. As a further result of the negligence and carelessness of the defendant, JOHN P. MARCUM, as aforesaid, the plaintiff, DAVID CORNELIO, has endured and will continue to endure for a long period of time great physical pain and suffering, great mental anxiety and severe emotional distress.

12. The injuries sustained by the plaintiff, DAVID CORNELIO, as the result of the negligence and carelessness of the defendant, JOHN P. MARCUM, as aforesaid, disrupted the plaintiff, DAVID CORNELIO' ability to carry on and enjoy life's activities and will likely restrict the activities in which he can engage in the future.

13. As a further result of the negligence and carelessness of the defendant, JOHN P. MARCUM, as aforesaid, the plaintiff, DAVID CORNELIO, was prevented from attending to his employment and thereby sustained a loss of earnings and may be restricted in his employment in the future, to his further detriment.

14. As the result of the negligence and carelessness of the defendant, JOHN P. MARCUM, as aforesaid, and the injuries caused to the plaintiff, the plaintiff has

become anxious and fearful of increased risk of future injuries to his neck and back as a result of the motor vehicle accident of September 27, 2001.

**SECOND COUNT:**     (BY PLAINTIFF AGAINST DEFENDANT, COVENANT TRANSPORT, INC.)

1.-14.   Paragraphs 1 through 14 of the First Count are hereby made paragraphs 1 through 14 of the Second Count as though more fully set forth herein.

15.   On September 27, 2001 defendant, JOHN P. MARCUM, was an employee and/or agent of defendant, COVENANT TRANSPORT, INC., and was acting in the furtherance of and in the course and scope of such employment when she performed the negligent acts causing plaintiff's injuries, as aforesaid.

16.   At all times herein mentioned, the defendant, COVENANT TRANSPORT, INC., was the owner of the vehicle operated by its agent and/or employee, defendant, JOHN P. MARCUM.  The injuries suffered by the plaintiff, DAVID CORNELIO, were the direct and proximate result of the negligence and carelessness of the defendant, JOHN P. MARCUM, and such negligence and carelessness may be imputed to the defendant, COVENANT TRANSPORT, INC., pursuant to C.G.S. Section 52-183.

WHEREFORE, the Plaintiff claims:

Monetary damages

I hereby certify that I have personal knowledge of the plaintiff's financial ability and deem it sufficient to pay the costs of this action.

Dated at Westport, Connecticut, this 9th day of February 2005.

THE PLAINTIFF

BY:_____
Law Offices of Bruce J. Corrigan, Jr.
1853 Post Road East
Westport, CT 06880
203.255-1950
203.255-1520 (fax)
Federal Bar Number: CT06918

[FILED stamp: April 1, 2005, Kevin F. Rowe, Clerk, District of Connecticut]

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

DAVID CORNELIO,

        Plaintiff,

-against-

COVENANT TRANSPORTATION, INC.
and JOHN P. MARCUM,

        Defendants.
_____X

CIVIL ACTION NUMBER:
3:02CV2279 (GLG)

AMENDED COMPLAINT

FEBRUARY 9, 2005

## AMOUNT IN DEMAND

The amount, legal interest or property in demand is Fifteen Thousand and 00/100 ($15,000.00) Dollars or more, exclusive of interest and costs.

The remedy sought by this Complaint is not based on an expressed or implied promise to pay a definite sum.

THE PLAINTIFF

BY: _____
Law Offices of Bruce J. Corrigan, Jr.
1853 Post Road East
Westport, CT 06880
(203) 255-1950
(203) 255-1520 (fax)
Federal Bar Number: CT06918

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing, on the aforementioned date, has been sent, via first class mail, postage prepaid to:

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, New York 10604

_____
Bruce J. Corrigan, Jr.