FILED

2005 NOV 30 P 3: 01

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
———————————————X
DAVID CORNELIO,
        Plaintiff

    -against-

COVENANT TRANSPORTATION, INC.
and JOHN P. MARCUM,
        Defendants.
———————————————X

CIVIL ACTION NUMBER:
3:02CV2279 (~~GLG~~) JCH

PLAINTIFF'S CONCLUSIONS
OF LAW

NOVEMBER 17, 2005

### PLAINTIFF'S PROPOSED CONCLUSIONS OF LAW

1. **BURDON OF PROOF**

    The plaintiff has the burden of proving plaintiffs' case by a "fair preponderance of the evidence". The term, "fair preponderance" means the better or weightier evidence; this does not mean that the plaintiff must prove his case beyond any reasonable doubt, which is the burden established in criminal cases. You will take all the evidence that is offered and consider the various circumstances, which are involved; you will weigh them and balance them, and then if you find that the evidence fairly preponderates in favor of the plaintiff, he will have proven the particular issues you have before you. Hoffman v.

Mohican Company, 136 Conn. 392 (1950); <u>Sacks v. Connecticut Company</u>, 109 Conn. 221 (1929); Wright, <u>Connecticut Jury Instructions (4th Ed.)</u>, Section 311. a

It is not necessary for the plaintiff, DAVID CORNELIO, to prove all the allegations of negligence as set forth in the Complaint against the defendants. It is enough to impose liability on the defendants if the plaintiff establishes any one (1) of these specifications of negligence. This satisfies the burden of proof that rests with the plaintiff in such cases. <u>Walters v. Hansen, et al.</u>, 99 Conn. 680 (1923); Wright, <u>Connecticut Jury Instructions (4th Ed.)</u>, Section 311.

## 2.  DEFINITION: NEGLIGENCE

In general, negligence may be defined as the doing of something which a reasonably prudent person would not have done under like circumstances or conditions, or it may be an omission to do that which a reasonably prudent person would have done under similar circumstances or conditions. Connecticut law requires that an operator of a motor vehicle shall use reasonable care under all circumstances. Wright, <u>Connecticut Jury Instructions</u>, Third Edition, Section 70, p. 142.

If you find that the defendants did not act as a reasonably prudent person under the facts of this case, you may find him liable for negligence. Wright, <u>Connecticut Jury Instructions</u>, Third Edition, Section 70, p. 142.

3. **CAUSATION**

If you find the defendants were negligent, you must also find the defendants' negligence was the proximate cause of the injuries and damages claimed by the plaintiff. Negligence is deemed to be the proximate cause of any injury when it is a substantial factor in producing that injury. Negligence, to be a substantial factor in producing the injury, must have been entered into the production thereof as a cause of it. That is, the particular negligence must either have caused the accident itself alone, or it must have materially contributed to it in conjunction with the negligence of another person. Wright, <u>Connecticut Jury Instructions</u>. Third Edition, Section 110, p. 223.

If you find that the defendants' negligence was a substantial factor in causing the plaintiff's' injuries, then you should bring in a verdict in favor of the plaintiff against the defendants. Wright, <u>Connecticut Jury Instructions</u>, 4th Edition, Section 521b.

4. **MOTOR VEHICLE STATUTES**

The Connecticut Legislature has seen fit, because of the traffic conditions, to lay down certain mandatory rules for the governance of drivers of motor vehicles on our highways.  Where such a statute exists and is applicable to the facts in a case, it is the duty of an operator to obey that statute; and, if he fails to obey it, then his failure to do so is, by law, an act of negligence.  Wright, Connecticut Jury Instructions, Third Edition, Section 70 at p. 143, citing Fishman v. Scarpa, 149 Conn. 531 (1962).

The plaintiff has alleged the defendant, JOHN P. MARCUM, operated his motor vehicle negligently in that he violated specific Connecticut motor vehicle statutes.

A statute provides a legislative standard of conduct for motor vehicle operators.  Violation of such a standard is **NEGLIGENCE PER SE**.  Therefore, if such a violation proximately caused the injuries and the accident, then you must find for the plaintiff.  Gosselin v. Perry, 166 Conn. 152, 162 (1974); Wright, Connecticut Jury Instructions, Vol. 1, Section 78, p. 167.

5. **ECONOMIC-NON-ECONOMIC DAMAGE**

In a personal injury action, damages are assessed up to the date of trial, and include all future, as well as past, suffering and disability.  There are two categories of damages you must consider in this case:  economic damages and non-economic

damages. You must make a separate finding for both of these categories of damages. Connecticut General Statutes, Section 52-225(d).

Economic damages mean actual money losses incurred by the plaintiff up to the time of trial. They are called "out-of-pocket" expenses and they include reasonable and necessary medical care, rehabilitative services and loss of earnings.

Non-economic damages are those that compensate for non-monetary losses suffered by the plaintiff.. These include, but are not limited to, physical pain and suffering, mental anguish, emotional suffering, and anxiety. Connecticut General Statutes, Section 52-572h(a).

In your assessment of non-economic damages, you shall consider the period of time in which the plaintiff has been unable to enjoy the ordinary activities of life and you may infer permanent disability based on medical evidence. Roysten v. Factor, 1 CA 576, 577 (1984); Niles v. Evitts, 16 CA, 696, 699 (1988); Wright, Connecticut Jury Instructions, Fourth Edition, Section 226.

6. **MEDICAL EXPENSES**

If you find that medical expenses were reasonably incurred by the plaintiff to treat injuries sustained as a result of defendants' negligence, then the plaintiff is entitled to

recover for these expenses in the award. Pisel v. Stamford Hospital, 180 Conn. 457, 461 (1932). Newtown v. Barnett, 146 Conn. 344 (1952).

If it is reasonably likely that the plaintiff will in the future be required to undergo any further medical procedures as a result of injuries for which the defendants are liable, then the plaintiff is entitled to recover the expenses of such future medical procedures. Pisel v Stamford Hospital, 180 Conn. at 344.

7.   **PHYSICAL PAIN AND SUFFERING**

The plaintiff is also entitled to recover damages for any physical injuries, pain and suffering plaintiff sustained or may in the future sustain as a result of the injuries caused by the defendants' negligence. The plaintiff is entitled to recover for his injuries suffered, if proven to be caused by the defendants' negligence, as well as for past, present and future physical pain and suffering associated with these injuries. If it is reasonably probable that the plaintiff will suffer physical pain as a result of injuries for the duration of the plaintiff's lifetime, then your award should reflect damages for the future as well as past and present pain and suffering. Alderman v. Kelly, 130 Conn. 98, 100 (1943); Chase v. Fitzgerald, 132 Conn. 461, 468 (1946).

6

A plaintiff may recover damages for pain and suffering even when such pain is evidenced exclusively by the plaintiff's subjective complaints. <u>Delott v. Rovaback</u>, 179 Conn. 406, 409 (1980).

### 8. **MENTAL PAIN AND SUFFERING**

Emotional suffering is a proper element of damages and if you find that the plaintiff has, in fact, suffered emotional pain, anguish or anxiety as a result of the defendants' wrongdoing, then your damage award should include damages for such emotional pain and distress. Mental suffering is as much a proper element of damages as physical suffering. Further, if you find that the plaintiff will suffer emotional distress in the future because of the wrongdoing of the defendants, then your award should include compensation for such future suffering. <u>Katsetos v. Nolan</u>, 170 Conn. 637, 655, n. 3 (1976).

### 9. **PERMANENT PHYSICAL IMPAIRMENT**

If it is reasonably probable that the plaintiff has suffered permanent physical impairment as claimed by the plaintiff in this case, you will endeavor to compensate plaintiff for such permanent injury or physical impairment as you will find plaintiff sustained and will suffer from in the future. Stated more clearly, the plaintiff is entitled to

be compensated for what plaintiff would fairly be expected to suffer from said permanent condition over the period of plaintiff's life expectancies. Wright, <u>Connecticut Jury Instructions</u>, Third Edition, Section 223, pp. 389-390

18. The particular condition of strength, health and physical stamina of this particular plaintiff has bearing upon the probable duration of plaintiff's life, whether longer or shorter than the average of a person of plaintiff's age, as given in the expectancy table. Wright, <u>Connecticut Jury Instructions</u>, Section 266 h., p. 397.

## 10.  ENJOYMENT OF LIFE'S ACTIVITIES

A plaintiff may recover for damages for the inability to pursue and enjoy life's activities. <u>Bartholomew v. Schweizer,</u> 217 Conn. 671, 686 (1991). The loss of enjoyment of life's activities exists separately from pain and suffering and the destruction of earning capacity . <u>Bartholomew v. Schweizer,</u> 217 Conn. 671, 686 (1991).

## 11.  DAMAGE SUMMARY

The general rule is that insofar as you can do it, the plaintiff is to receive fair and just compensation for the injuries suffered. It is up to you, in the exercise of your judgment, to say what is fair and just compensation to plaintiff insofar as money will compensate for the injuries plaintiff allegedly suffered. Wright, <u>Connecticut Jury Instructions</u>, Section 226a at pp. 393-394.

THE PLAINTIFF

By /s/
Law Offices of Bruce J. Corrigan, Jr.
1853 Post Road East
Westport, Connecticut 06604
(203) 255-1950
(203) 255-1520 (fax)
Federal Bar Number: CT06918

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing, on the aforementioned date, has been sent, via first class mail, postage prepaid to:

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
263 Tresser Boulevard
Stamford, CT 06901

Bruce J. Corrigan, Jr.

9