UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID CORNELIO : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3-02-cv-2279 (JCH) |
| : | |
| COVENANT TRANSPORTATION, : | JANUARY 31, 2006 |
| INC., ET AL : | |
|     Defendants : | |

**BENCH RULING**

This matter was tried to the court on December 12, 2005. The following are this court's findings of fact and conclusions of law.

**I.   FINDINGS OF FACT**

On September 27, 2001, on I-95 in Bridgeport, Connecticut in the southbound lane, at approximately 10:50 a.m., the defendant, John P. Marcum was operating a tractor trailer truck owned by the defendant, Covenant Transport, Inc. Marcum's tractor trailer struck the car operated by the plaintiff, David Cornelio.

Just prior to the contact between Marcum's tractor trailer and Cornelio's car, Marcum sought to make a change of lane from the extreme left lane to the middle lane. As Marcum began to make that change of lane, his tractor trailer came into contact with Cornelio's car, which was in the middle lane. Due likely to a warning from a passenger/student trainee driver that he should not change lanes, Marcum moved back into his own lane, but not before striking Cornelio's car, causing Cornelio to lose control of his car. Cornelio's car spun several times, and eventually came to a stop in front of the tractor trailer, facing the opposite direction of traffic, next to the Jersey barrier between the north and southbound lanes of I-95.

Prior to the collision, Cornelio noticed Marcum's tractor trailer in his mirror, placing Marcum's tractor trailer approximately 200 yards behind him in the extreme left lane while Cornelio was in the middle lane. At the time of the impact between Marcum's tractor trailer and Cornelio's car, Cornelio did not notice the tractor trailer next to him. Cornelio's car was in the "blind spot" of Marcum's tractor trailer right-side mirror. Marcum did not see Cornelio's car before he attempted to change lanes to the middle lane.

Cornelio had to be removed from his vehicle by emergency personnel using the "jaws of life." His car sustained substantial damage, both on the passenger side, in the rear, and in the front end, including the damage caused to the hood of the car, which was in an upright position blocking his vision through the front windshield.

Connecticut State Trooper David Nichols was the investigating officer on the scene. Marcum admitted to the State Trooper on the scene that he was operating his tractor trailer in the third/left lane of I-95 southbound, admitted that he changed lanes, into the center lane from the left lane, and that, in doing so, he struck Cornelio's car. Marcum was issued a citation ticket by State Trooper Nichols on the scene on the morning of September 27th for two violations of Connecticut motor vehicle laws: violation of Conn.Gen.Stat. §14-236 (unsafe lane change), and Conn.Gen.Stat. § 14-230a (use of left lane by commercial vehicle).

At the time of the accident on September 27, 2001, Marcum was an employee and agent of Covenant Transportation, Inc., his co-defendant. At all times in question on the morning of September 27, 2001, on I-95 in Bridgeport, Connecticut, Marcum was acting within the scope of his authority and employment on behalf of Covenant

Transportation.

Marcum was negligent in the operation of the tractor trailer in that he:

1. failed to maintain a proper and adequate lookout for other vehicles;

2. made an unsafe lane change; and

3. made use of the extreme left lane on I-95 by commercial vehicle.

The first two negligent acts of Marcum were the sole proximate causes of the accident.

After the accident, Cornelio was taken by ambulance to Bridgeport Hospital. He was discharged that day from the emergency room. Cornelio suffered personal injuries and symptoms as a result of the accident, including injury to his cervical spine, radiating pain from neck to shoulder and right arm, tingling or numbness in the right arm, cervical and lumbar sprain/strain, headaches, back and neck pain, and permanent disability of the back and neck. The court finds that the permanent disability is a 5% disability of the total person. The collision, which caused these injuries, was wholly a result of the negligence of defendants Marcum and Covenant Transportation, Inc. Cornelio was not contributorily negligent in connection with this incident.

As a result of these injuries, the plaintiff has received medical treatment and incurred medical expenses in the amount of $31,373.82:

| | | |
|---|---|---|
| a. | Bridgeport Hospital | $ 563.09 |
| b. | AMR Ambulance | $ 532.00 |
| c. | Dr. Richard Fogel | $4,510.00 |
| d. | Dr. Tedd Weisman | $1,075.00 |
| e. | Dr. N. Spanolios | $ 262.93 |
| f. | Connecticut Physical Therapy | $5,045.00 |
| g. | Center Rehabilitation & Sports Therapy | $16,463.00 |
| h. | Dr. Gerard Abidor | $ 1,000.00 |
| i. | Griffin Hospital | $ 1,842.80 |
| j. | Medical records | $ 100.00 |

As a result of the accident, Cornelio has suffered an impact on his life's activities and enjoyment. Prior to the accident, he was a very active male in his early 50's. He did all types of household chores, even helping friends in that regard; restored antique cars; and enjoyed biking, among other things. Since the accident, his activities have been impacted significantly, such that with regard to many of his activities, he has either been diminished or ceased completely. He is unable to engage in all household activities as before, at least as to the period or duration of time he can engage in them without suffering pain. Further, he no longer restores old cars, because he is unable to bend and lift as is required to do so. He no longer can bike. Further, he has had to forego attending car shows, as had been his pleasure in the past, because of the extended walking involved which he cannot do without pain. While he suffered no lost wages due to his use of sick time, he was limited in work activities for a short period of time after the accident. He has since been able to engage in his occupation full time, but what he is able to do in that occupation has been limited, albeit without any impact on his earnings. Even four years after the accident, he reports pain in his lower right back and in his right neck, particularly associated with physical activity. He continues to attend physical therapy, and he is treated by physicians from time to time. The court finds Cornelio has suffered a permanent impairment of the whole person of 5%. He has a life expectancy of approximately 20 years.

## II.     CONCLUSIONS OF LAW

Defendant Marcum was negligent per se in the operation of his tractor trailer on September 27, 2001, when he impacted Cornelio's car on I-95 southbound. In Connecticut, the violation of a statute or regulation that establishes a standard of

conduct for the operation of motor vehicles is generally negligence per se.  See Gore v. People's Savings Bank, 235 Conn. 360, 378 (1995)(describing doctrine of negligence per se, noting that "[t]he majority of cases concluding that a statutory provision implicates the doctrine of negligence per se have arisen in the context of motor vehicle regulation"); Velardi v. Selwitz, 165 Conn. 635, 639 (1974)(violation of reasonable speed statute is negligence per se).  Connecticut law requires that an operator of a motor vehicle shall use reasonable care under all circumstances.  In particular, Conn. Gen. Stat. § 14-236 provides that a vehicle shall not be moved from one lane to another until the movement can be safely made.

     This court finds that the attempt to change lane, including the moving into the middle lane which was occupied by Cornelio, violated Conn.Gen.Stat. § 14-236 and is negligence per se under Connecticut law.  The court also finds that there is no exception to the negligence per se rule in this case.  There was no emergency that required Marcum to change lanes at that point in time. See Grantham v. Bulik, 137Conn. 640, 642 (1951).  The court finds that the change of lanes to the middle lane by Marcum was not in the exercise of reasonable care while driving a tractor trailer, knowing he had a "blind spot," and without knowing that there was no one in that lane.

     The court finds that, at the time of the collision, Marcum was operating the trailer in the scope of his employment with Covenant Transport, and thus his negligence is imputed to Covenant Transport under Conn. Gen. Stat. § 52-183.  The defendants have not produced evidence to rebut the presumption created by section 52-183 that Marcum, in operating the truck owned by Covenant Transport, was the agent of Covenant Transport and operating it in the scope of his employment.  Furthermore,

Marcum was engaged in transporting goods on behalf of Covenant when the accident occurred, and was thus clearly acting as Covenant's agent and employee at the time of the accident. See Levitz v. Jewish Home for Aged, Inc., 156 Conn. 193, 195 (1968).

Further, the court concludes that the negligence of the defendants, in particular the violation of the statute prohibiting an unsafe lane change, was the legal cause of the accident at issue in this case, and the injuries suffered by Cornelio. See Nolas v. Morelli, 154 Conn. 432, 445 (1967). The court finds that the defendants' negligence was a substantial factor in producing the injuries claimed by Cornelio.

Cornelio is entitled to damages as a result of the accident. In that respect he is entitled to economic damages and non-economic damages, and this court is required under Conn.Gen.Stat. § 52-225d(a) to make a separate finding for each category.

Economic damages means actual money damages incurred by the plaintiff for "out-of-pocket" expenses. They include medical expenses that are reasonably incurred by Cornelio to treat the injuries he sustained as a result of the defendants' negligence. Newtown v. Barnett, 146 Conn. 344, 351-52 (1952). In addition, he is entitled to economic damages for future medical expenses that he will be required to undergo as a result of the injuries that the defendant is liable for. Pisel v. Stamford Hospital, 180 Conn. 314, 344 (1980). The court finds that Cornelio is entitled to recover $46,000 on account of economic damages, past and future caused by the defendants' negligence in this case.

With respect to non-economic damages, Cornelio is entitled to recover those to the extent he suffered them as a result of the defendants' negligence. Such damages include, but are not limited to, physical pain and suffering, mental anguish, emotional

suffering and anxiety.  Conn.Gen.Stat. § 52-572h(a).  Among other factors, the court must consider the period of time over which the plaintiff was unable to enjoy the ordinary activities of life.  Bartholemew v. Schweizer, 217 Conn. 671, 686 (1991). Consideration of a permanent disability rating, in this case based upon the medical evidence, should also be considered.  The court finds that Cornelio is entitled to non-economic damages, past and future, in the amount of $90,000.

Accordingly, judgment should enter against the defendants on joint and several liability basis in the amount of $136,000.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 30th day of January, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge